**In re: HOMESTORE.COM, INC. SECURITIES LITIGATION**

**This Document Relates To: All Actions**

**No. CV 01–11115–RSWL.**

United States District Court, C.D. California.

Oct. 29, 2004.

Bruce L. Simon, Joseph W. Cotchett, Peter E. Borkon, Mark Cotton Molumphy, Steven N. Williams, Cotchett Pitre Simon & McCarthy, Burlingame, CA, Clifford H. Pearson, Gary S. Soter, Wasserman Comden Casselman & Pearson, Tarzana, CA, Jeffrey H. Dasteel, Katherine M. Pratt, Skadden Arps Slate Meagher & Flom, Los Angeles, CA, Tracey L. Worthington, Bernstein Litowitz Berger & Grossmann, San Diego, CA, for Plaintiffs.

Seth A. Aronson, Sharon Louise Tomkins, O'Melveny & Myers, Los Angeles, CA, Howard M. Privette, Morgan J. Miller, Paul Hastings Janofsky & Walker, Marc A. Fenster, Russ August & Kabat, Daniel S. Floyd, Dean J. Kitchens, Lynn M. Dean, Mark Mermelstein, Richard J. Doren, Sogol K. Pirnazar, Ted Allan Gehring, Wendy L. Wallace, Gibson Dunn & Crutcher, Jan L. Handzlik, Howrey Simon Arnold and White, John B. Quinn, Thad Alan Davis, Quinn Emanuel Urquhart Oliver & Hedges, Stuart A. Shanus, Reed Smith Crosby & Heafey, Richard R. Mainland, Fulbright & Jaworski, Bernard C. Barmann, Jr., Ralph F. Hirschmann Law Offices, Torgny R. Nilsson, Thelen Reid & Priest, Yolanda Orozco, Liner Yankelevitz Sunshine and Regenstreff, Belinda S. Lee, Latham & Watkins, Los Angeles, CA, John William Davis, John W. Davis Law Offices, Kathleen T. Dyer, Nanci L. Clarence, Clarence Snell & Dyer, San Francisco, CA, Ana C. Reyes, F. Whitten Peters, George Borden, Ryan T. Scarborough, Williams & Connolly, Tanya Chutkan, William A. Isaacson, Boies Schiller & Flexner, Carl S. Kravitz, Graeme W. Bush, Kristen Flynn, Roger C. Spaeder, Zuckerman Spaeder, Everett C. Johnson, Jr., Latham & Watkins, Washington, DC, Samuel Kader, Stephen P. Warren, Skadden Arps Slate Meagher & Flom, Marc J. Ross, Richard J. Babnick, Jr., Sichenzia Ross

Friedman Ference, New York, NY, Pamela J. Naughton, Sheppard Mullin Richter & Hampton, San Diego, CA, Alison T. Shaw, Thomas O. Helton, Baker Donelson Bearman & Caldwell, Chattanooga, TN, William D. Naeve, Cotkin Collins & Ginsburg, Santa Ana, CA, Pallavi Wahi, Phillip H. Ginsberg, Stokes Lawrence, Seattle, WA, Douglas J. Clark, Kent Wycliffe Easter, Wilson Sonsini Goodrich & Rosati, Krista J. Martinelli, Walter Jesse Robinson, III, Pillsbury Winthrop, Palo Alto, CA, Charles L. Zetterberg, Buxbaum & Chakmak, Claremont, CA, J. Thomas Richardson, Maureen D. Burke, Whitney H. Leibow, Cairncross & Hempelmann, Seattle, WA, Eric William Benisek, Richard C. Vasquez, Tatia M. Lira, Morgan Miller & Blair, Walnut Creek, CA, Mary T. Huser, Bingham McCutchen, East Palo Alto, CA, David W. Shapiro, Boies Schiller & Flexner, Oakland, CA, Jodi M. Newberry, Paul D. Murphy, Murphy Rosen and Cohen, Santa Monica, CA, J. Christian Word, Latham & Watkins, Reston, VA, Edward S. Nathan, Herbert J. Stern, Jeffrey Speiser, Stern & Greenberg, Roseland, NJ, for Defendants.

Peter B. Tafeen, Kirkland, FL, pro se.

Steven F. Helfand, San Francisco, CA, pro se.

Nicholas Koluncich III, Nicholas Koluncich III Law Offices, Albuquerque, NM, Laurie A. Traktman, Gilbert & Sackman, Los Angeles, CA, for Movant.

Michael R. Wilner, Office of US Attorney Criminal Div, Los Angeles, CA, for Intervenor.

## ORDER

LEW, District Judge.

Defendant Stuart Wolff's ("Wolff") Motion for (1) continuance of trial date and all scheduled pre-trial dates, and (2) continuance of deposition of Stuart Wolff came under submission before this Court. Having considered all papers and argument submitted, **THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

As a preliminary matter, Defendant Peter Tafeen ("Tafeen") requests joinder in Wolff's motion to continue. This Court **GRANTS** Tafeen's request for joinder.

■ In addition, Wolff requests this Court take judicial notice of Exhibits 1–23 filed concurrently with the Declaration of Howard Privette.

Pursuant to Fed.R.Evid. 201(a), the Court may take judicial notice of adjudicative facts only. "[A]djudicative facts are those to which the law is applied in the process of adjudication." Advisory Notes to Fed.R.Evid. 201 (quoting Kenneth Davis, 2 Administrative Law Treatise at 353). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed.R.Evid. 201(d).

■ Here, the Court takes judicial notice of these documents as they fall within the purview of Federal Rule of Evidence 201. Under *Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir.2001), a court may take judicial notice of court records and court proceedings. Similarly, a court may take judicial notice of a company's published stock prices. *See McMichael v. U.S. Filter Corp.,* 2001 WL 418981, *8, 2001 U.S. Dist. LEXIS 3918, at *26 (C.D.Cal.2001); *Plevy v. Haggerty,* 38 F.Supp.2d 816, 821 (C.D.Cal.1998); *Grimes v. Navigant Consulting, Inc.,* 185 F.Supp.2d 906, 913 (N.D.Ill.2002). Lastly,

the Court may take judicial notice of press releases. *See Connecticut Mobilecom, Inc. v. Cellco Partnership*, 2003 WL 23021959, *6, 2003 U.S. Dist. LEXIS 23063, at *17. As such, the Court **GRANTS** Wolff's request for judicial notice of Exhibits 1–23 attached to the Privette Declaration.

## I. BACKGROUND

This case involves a several consolidated securities class actions filed on behalf of Homestore.com, Inc. ("Homestore") common stock purchasers against Homestore, an internet-based company that provides links to various services related to home ownership, including real estate sales, home renovation, and relocation services. Plaintiffs bring two claims against all Defendants: (1) for violations of Section 10(b)(15 U.S.C. § 78j(b)) and SEC Rule 10(b–5) (17 C.F.R. § 240.10b–5) and (2) for violations of Section 20(a) (15 U.S.C. § 78t(a)).

The operative complaint, the First Amended Consolidated Complaint ("FACC"), was filed on November 15, 2002. The FACC alleges that Defendants conducted a variety of questionable transactions to prop up Homestore's stock price. These transactions, improper accounting and the release of misleading statements to the SEC, analysts, and the public, allegedly violated federal securities statutes and regulations. Eventually, the fraud was discovered and Homestore had to restate seven quarters of revenue totaling $192 million. As a result, the stock price purportedly crashed. Plaintiffs are now suing to recover their losses.

Presently before the Court is Defendant Stuart Wolff's ("Wolff") Motion for (1) continuance of trial date and all scheduled pre-trial dates, and (2) continuance of deposition of Stuart Wolff.

## II. ANALYSIS

### A. *Legal Standard: Motion to Continue*

■ The Court has the inherent authority to establish a schedule for the resolution of an action that takes into account principles of judicial economy and efficiency, with a view to a fair and just determination of the parties' rights based on the merits of the case. *See Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

In *Barapind v. Reno*, the California federal courts reiterated that courts have the incidental power to stay proceedings and stated:

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. [ ] The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward.

*Barapind*, 72 F.Supp.2d 1132, 1147 (E.D.Cal.1999) (citing *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).

### B. *This Court DENIES Wolff's Motion to Continue*

■ Wolff brings this motion on the grounds that: (1) there is a pending appeal before the United States Supreme Court on an issue of law (the issue of "loss causation") that is directly relevant to the resolution of the present Action; (2) there are multiple pending appeals involving other defendants in this case; (3) there are multiple pending settlements involving other defendants in this case that are dependent upon the conclusion of a parallel federal

regulatory investigation; and (4) the parallel federal regulatory investigation has resulted in more than a dozen potentially critical witnesses declining to testify substantively and potentially prejudicing Wolff's constitutional rights.

Defendant Peter Tafeen ("Tafeen") also joins in this motion and requests continuance of his deposition, currently noticed for October 21, 2004.

Defendant PricewaterhouseCoopers LLP ("PWC") submits a qualified Opposition to the Motion. PWC takes no position on Wolff's request to continue the trial and related pretrial dates, but objects to an additional continuance of Wolff's deposition if the current trial date remains in place, arguing that a delay will prejudice PWC. PWC argues that this Court previously ordered that Wolff's deposition take place prior to October 25, 2004 to allow ten weeks of trial preparation time after the close of discovery, and PWC reiterates that the Court should stand by this timeline.

### 1. Pending Supreme Court Case

In response to Wolff's argument that the Court should postpone the trial until the pending Supreme Court case of *Dura Pharmaceuticals, Inc. V. Broudo* has been decided, Plaintiff argues that the "loss causation" argument does not affect the action at hand. Plaintiff contends that *Dura* deals with loss causation at the pleading stage and that this litigation has progressed far beyond the pleading stages.

Wolff replies that while *Dura* was decided on a motion to dismiss at the district court level, the legal standards articulated by the district court and the Ninth Circuit on the critical issue of "loss causation" are not limited to the pleading requirements. Wolff argues that loss causation involves both "pleading and proving a causal connection between the alleged fraud and the [alleged loss]." (Ex 2 to Pltf's Opposition). Wolff, therefore, asserts that since the Supreme Court must answer the question "Whether a securities fraud plaintiff invoking the fraud-on-the-market theory must demonstrate loss causation by pleading and proving a causal connection between the alleged fraud and the investment's subsequent decline in price" and that answer affects this Action, the Court should continue the Action until the summer of 2005. Wolff argues that postponing the case until the Supreme Court rules on *Dura* would prevent reversible error.

Regardless of the Supreme Court's ruling on this issue, the Court cannot delay the trial on this basis. First, delaying the trial would be inconsistent with the Court's past rulings as to Wolff's previous six attempts to stay the case. Second, a number of cases currently pending will undoubtedly be affected by *Dura*. Unfortunately, such cases cannot all be stayed pending an indefinite ruling by the Supreme Court. This litigation began in 2001 and painstaking effort has already been taken by Judge Pechman to ensure that this case is "trial-ready." This Court, itself, ordered that the parties have a final settlement conference before Judge Tervizian on October 4, 2004, indicating that the case is ready to proceed to trial. Waiting until an undetermined date in the summer of 2005 for the possibility of a Supreme Court ruling does not outweigh both the Plaintiff and the Court's interest in judicial economy. Accordingly, the Court **DENIES** Wolff's request on this basis.

### 2. Pending Appeals

Plaintiff, California State Teachers' Retirement System ("Plaintiff" or "CalSTRS") contends that a delay would prejudice Plaintiff. Plaintiff argues that Wolff is seeking a delay for the sixth time and that Judge Pechman sent this case to

Los Angeles on May 14, 2004 as trial ready. Plaintiff argues that in denying the first motion to stay, brought by the United States Attorney and joined in by Wolff, Judge Pechman found that there were "thousands of people in the wings who are waiting for some resolution of this particular matter, and it would appear at this point that only the civil side is geared up to actually potentially deal with taking care of, identifying, taking care of processing those particular individuals' claims." (Sept 17, 2003 Hearing Transcript, Ex 1 to Borkon Decl.)

First, Plaintiff argues that the pending appeals should not affect the trial date. Plaintiff argues that Wolff has not met his burden of demonstrating that his interest in a stay is greater than the interests of Plaintiff, the Class, and the public in this litigation. Plaintiff contends that Wolff offers no new arguments or proof that he will suffer greater harm if the case is not stayed.

In response, Wolff argues that the interlocutory appeals concern the dismissal of eight defendants from the case and that the Court should balance this, along with Wolff's other reasons to continue, with the impact on the docket and the fact that the potential reversals would create the danger that the case would have to be tried more than once. Wolff argues that it is disingenuous for Plaintiff to assert there are only three Defendants remaining, because at least fifteen other Defendants' participation in the case is contingent on a number of issues.

First, Wolff argues that Homestore.com, Inc. and its subsidiary Top Producer's settlement is not yet "final," because at least one Plaintiff class member has objected to the settlement and the appeal is currently pending before the Ninth Circuit. Second, Wolff argues that Plaintiff is appealing the dismissal of six defendants: AOL Time Warner, and its former employees David Colburn and Eric Keller; Cendant Corporation, and its former employee Richard A. Smith; and L–90 a/k/a Max Worldwide. Wolff contends such appeals would affect the number of Defendants for trial. Lastly, Wolff argues that settlements with David Rosenblatt, Allan P. Merrill, Sophia Losh, Jeff Kalina, John Giesecke, Joseph Shew, and John DeSimone have not yet been approved by the Court.

Wolff further argues that in light of the apportionment provisions of the 15 U.S.C. § 78u–4, the parties are required to present evidence and the jury to make findings concerning the potential liability of "all persons" who might have contributed to plaintiffs' alleged injuries—whether or not those persons are "active" defendants before the Court at the time of trial.

15 U.S.C. § 78u–4 states in relevant part:

> In any private action, the court shall instruct the jury to answer special interrogatories, or if there is not jury, shall make findings, with respect to each covered person and each of the other persons claimed by any of the parties to have caused or contributed to the loss incurred by the plaintiff, including persons who have entered into settlements with the plaintiff or plaintiffs, concerning -
>
> (I) whether such person violated the securities laws;
>
> (II) the percentage of responsibility of such person, measured as a percentage of the total fault of all persons who caused or contributed to the loss incurred by the plaintiff; and
>
> (III) whether such person knowingly committed a violation of the securities laws

Plaintiff responds that under this statute Congress never stated that a court must

wait until every defendant is accounted for before proceeding to trial. *See Gerber v. MTC Elec. Techs. Co.*, 329 F.3d 297, 309 (2d Cir.2003).

■ The Court, in balancing the interests, must consider the judicial economy of trying the case only once versus an indefinite delay. There is no telling when the pending appeals will be decided. The attenuated possibility that the case will require a second trial, when weighed against the Court's need to have a efficient docket tips the balance toward not continuing the trial and deposition dates. As such, the Court **DENIES** the motion to continue on this basis.

### 3. Pending Settlements/Parallel Criminal Investigation

■ Wolff also argues that the Opposition ignores the fact that there are at least seven defendants in the case with whom the settlements have not been "finalized." He contends that under Federal Rule of Civil Procedure 23(e) the Court must approve these settlements.

Plaintiff argues that the settlements with the seven defendants David Rosenblatt, Allan Merrill, Sophia Losh, Jeff Kalina, John Giesecke, Joseph Shew, and John DeSimon have been recognized by the Court and will be submitted for approval. In response, Wolff contends that some of these "settlements in principle" were reached two years ago, yet have not been submitted. (Wolff Reply at 7.) Wolff argues that the reason for this holdup is that most of these settlements were not really negotiated in the first instance between the Plaintiffs in this case and the settling Defendants. Instead, they argue that the settlements constitute part of the SEC's civil settlements with these Defendants, whereby monies disgorged to the SEC will "pass through" the SEC to the Plaintiff class. Consequently, Wolff argues that

because these settlements are contingent on the resolution of the Government's civil and/or criminal claims against the settling Defendants, resolution cannot come until the criminal case is settled. That argument alone, however, provides no basis for indefinitely continuing the trial.

Moreover, Wolff argues that his right to due process is prejudiced by the criminal trial, because several of the witnesses have invoked the Fifth Amendment. Wolff cites to a federal district case in New York, *Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 41 (S.D.N.Y.1993), where the court stayed the case on the grounds that if key witnesses were to invoke the Fifth Amendment during discovery and at trial in the civil action, because of a similar pending criminal action, they would be prejudiced from an adequate defense.

The key distinction, however, is that in *Volmar*, the defendants requesting the stay were also defendants in the criminal action. Here, Wolff has not been indicted. As the Plaintiff points out, there is no evidence of any timeline for the government's investigation or indictment of Wolff. The mere possibility that Wolff will be indicted is insufficient grounds for dragging out this Action. Likewise, the Plaintiff is correct that this Circuit does not necessarily stay a civil case, because of a pending criminal action.

In *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir.1995), the Ninth Circuit affirmed the trial court's decline to stay civil proceedings pending the outcome of a criminal case stating:

> Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation

of the Fifth Amendment in a civil proceeding.

*Id.* Since Wolff has not been indicted and this Court has already determined on prior occasions that the interests of the Court, the Plaintiff, the Class, and the public outweigh Wolff's interest in an indefinite stay, this Court DENIES Wolff's motion to continue on this basis as well.

Additionally, Wolff provides no rationale for continuing his deposition, other than the fact that all scheduled dates should be continued. As this Court should not allow Defendant Wolff to postpone discovery and avoid trial, this Court also **DENIES** Wolff's motion to continue his deposition.

Finally, both Plaintiff and Defendant Wolff will be entering a January 2005 trial with the same set of facts and discovery. If anything, Plaintiff is prejudiced by the inability to take the deposition of Stuart Wolff, Homestore's former CEO and Chairman. As such, the Court **DENIES** Wolff's motion to continue in its entirety.

## III. CONCLUSION

Because Defendant Wolff fails to meet the burden for why his interests in a stay of this Action outweigh those of the Court, the Plaintiff, the Plaintiff class, and the public, and because this Court has previously denied requests for stay this Court **DENIES** Defendant Stuart Wolff's motion for: (1) continuance of trial date and all scheduled pre-trial dates; and (2) continuance of deposition of Stuart Wolff in its entirety.

**IT IS SO ORDERED.**